## ALFRED McGAVOCK *v.* TEMPIE MORRISON.

### April Term, 1877.

CROSS-BILL — NEW PARTIES — DEMURRER. — It is good ground of demurrer to an answer filed as a cross-bill, by the complainant to the original bill, that it brings in new parties, and that the cross-bill is, in effect, an original bill, with the subject-matter of which the demurrant has nothing to do.

*R. B. Lea*, for complainant.

*D. F. Wilkin*, for defendant.

THE CHANCELLOR : — The original bill was filed to fore-close a mortgage given to secure a note executed by the defendant, with three other persons, for borrowed money. The defendant answered, admitting the execution of the note and mortgage, but insisting that the money was borrowed by the three other co-makers of the note, who were the stepsons of the defendant, and that she only intended to become bound as surety for them ; that they had fraudu-lently combined together to get her to go first upon the note as principal, when she was only a surety ; and claiming that she was entitled to recover the amount against them, " and perhaps against the complainant also." The answer was filed as a cross-bill, and the three co-makers, who were no parties to the original bill, were made defendants to the cross-bill with the original complainant. The latter has demurred to the cross-bill, assigning as causes the bring-ing-in of new parties, and that no relief is sought against him.

In *Cobb* v. *Baxter*, 1 Tenn. Ch. 405, I held that it was good ground of demurrer to a cross-bill that it undertakes to bring in as defendants new parties who are neither com-plainants nor defendants to the original bill. That opinion was followed by a note to the effect that, in *Hildebrand* v. *Beasley*, 7 Heisk. 121, our Supreme Court had intimated that under our practice the doctrine would not be carried so far. Afterwards, however, at the December term, 1873, that court, in the case of *Odom* v. *Owen*, 2 Baxt. 446, *s. c.*, 1 Tenn. Leg. Rep. 83, held that under the Code, sec. 4323, which allows a defendant to file his answer as a cross-bill, a new party could not be brought in in that mode ; " the statute contemplating," say the court, " that as the matter of the cross-bill should be in the answer to the original bill, its allegations as a cross-bill should be against the parties to

the original bill to which it is an answer." See also *Masson* v. *Anderson*, 3 Baxt. 290; *Hale* v. *Fowlkes*, 9 Heisk. 745.

The cross-bill discloses no ground of relief as against the original complainant. It concedes the execution of the note and mortgage, and only claims that the complainant in the cross-bill intended to become a surety for the three persons who executed the note with her. So far as the original complainant is concerned, it is a matter of no consequence whether the complainant in the cross-bill was principal or surety. Nor, so far as I can see, is it essential to the rights of the complainant in the cross-bill that the instruments should be altered so as to show the real relations of the parties to the transaction. This might be done by parol upon a suit at law, or upon an original bill in this court, if an original bill will lie. The maker of a note may always show, in a suit brought by him for the money paid, against a third person, that he executed the note for the accommodation of the latter.

The cross-bill is, in effect, an original bill, with the subject-matter of which the original complainant has nothing to do. *Wright* v. *Eaves*, 10 Rich. Eq. 589. The demurrer is well taken, and must be sustained.